# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOBBIE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-1400 |
| | ) | |
| v. | ) | Judge Joy Flowers Conti/ |
| | ) | Magistrate Judge Maureen P. Kelly |
| JOHN SATORI, Jr., Probation Officer; MATT | ) | |
| GARLAND, Case Worker; MICHAEL KNOC, | ) | |
| Director, Justice Related Services, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that, pursuant to the screening provisions of the Prison

Litigation Reform Act, the Complaint be dismissed for failure to state a claim upon which relief

can be granted.

## II. REPORT

Dobbie Wilson, ("Plaintiff") filed a Complaint, ECF No. 4, alleging that his incarceration

was the result of Defendants forcing him to plead guilty and/or as a consequence of fabrications

made by the Defendants. Because such claims necessarily call into question his conviction

and/or sentence, they are barred by the doctrine of Heck v. Humphrey, and must be dismissed for

failure to state a claim upon which relief can be granted.

### A. PROCEDURAL AND FACTUAL BACKGROUND

At the time of initiating this civil action, Plaintiff was a prisoner. ECF No. 1-4. Plaintiff

is proceeding pro se and has been granted *in forma pauperis* ("IFP") status. ECF No. 2. In the

civil rights Complaint, asserting violations of his constitutional rights, Plaintiff alleged, in

relevant part, that

> Defendant John Satori Jr., did knowingly, intentionally, willfully, on
> October 3, 2011 place me under undue stress and cause psychological trauma by
> coercively forcing me to plead guilty to fabricated actions and conduct and speech
> [that] I am not guilty of . . . . On July 27, 2011, Defendant Satori Jr. did while
> acting in his official capacity … as a probation officer . . . took me against my
> will to Allegheny County Jail and fabricate[d] reports to keep me confined in
> Allegheny County Jail. . . .
>
> Defendant Matt Garland did on July 26, 2011, knowingly, willfully,
> intentionally fabricat[e] events and conduct in vindictive retaliation against me for
> complaining to his superior[,] Michael Knoc Director of Justice Related
> Services.[1] Matt Garland did further enforce his vindictive retaliation against me
> and did carry out his "Nigger do your black ass wanna [sic] go back to prison"
> threat made.
>           . . . .
>
> Defendant Michael Knoc has, while acting in his official capacity . . . as
> Director of Justice Related Service, knowingly, intentionally, willfully, failed to
> stop Defendant Matt Garland. . . . from failing to carry out competently known
> job duties, causing plaintiff to suffer  . . . restraint of liberty.

ECF No. 4 at 3 to 4.  Plaintiff asserted that these events took place at, *inter alia*, the Mon Valley

Probation Office.   Id., at 2, ¶ IV.B.   The Complaint has not been served yet.

**B. APPLICABLE LEGAL PRINCIPLES**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321

(1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an

effort to curb the increasing number of frivolous and harassing law suits brought by persons in

---

[1]  We take judicial notice of the fact that Justice Related Services is a government program of
Allegheny County.

   http://www.alleghenycounty.us/dhs/justicerelatedservices.aspx

(site last visited 8/8/2012).

custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Plaintiff is a prisoner who has been granted IFP status and/or because Plaintiff sues government employees, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A, ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). See also 28 U.S.C. §1915(e) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner granted IFP status], the court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

In performing the Court's mandated function of sua sponte review of complaints under 28 U.S.C. §§ 1915A & 1915(e) to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)). Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. §§ 1915A and 1915(e) are the same as under a 12(b)(6) motion, the court may consider matters of which it may

take judicial notice under the PLRA screening provisions.  See, e.g., Lloyd v. U.S., No. 99 C

3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of

public records without converting a motion to dismiss to a motion for summary judgment,

*Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial

notice of court records in conducting its initial review under § 1915A.").

In reviewing complaints as mandated by 28 U.S.C. §§ 1915A & 1915(e) and in applying

the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light

most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint

must be taken as true. See  Estelle v. Gamble, 429 U.S. 97 (1976).  Furthermore, because

Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less

stringent standards when considering pro se pleadings than when judging the work product of an

attorney.  Haines v. Kerner, 404 U.S. 519 (1972).

## C.  DISCUSSION

We take judicial notice of the fact that Plaintiff pleaded guilty in the Court of Common

Pleas of Allegheny County on March 17, 2010, to two counts of drug related crimes and was

sentenced to imprisonment of 11 ½ months to 23 months with a period of 2 years of probation

consecutive to the sentence of imprisonment.[2]  Taking all inferences in favor of Plaintiff, what he

appears to be complaining of in the Complaint is that his probation was wrongfully revoked by

the Defendants who allegedly coerced him into admitting that he violated his conditions of

---

[2]  We take judicial notice of the dockets of the Allegheny County Court of Common Pleas in
Plaintiff's criminal case:  Commonwealth v. Wilson, No. CP-02-CR-0013883-2009 available at:

   http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-02-CR-0013883-2009

(site last visited 8/8/2012).

probation, even though he had not done so, and the Defendants took such actions in order to retaliate against Plaintiff.

Because Plaintiff alleges that he was falsely incarcerated as a result of the Defendants coercing him into pleading guilty to allegedly fabricated actions which resulted in his being incarcerated (i.e., admitting to violating the conditions of his probation), and because such allegations necessarily call into question the validity of his incarceration, <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) bars the present civil rights action as long as Plaintiff's conviction and/or incarceration remain undisturbed. Hence, the <u>Heck</u> doctrine requires that the Complaint be dismissed.

In <u>Heck</u>, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. <u>Heck</u>, 512 U.S. at 479. The United States Supreme Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

<u>Heck</u> 512 U.S. at 486-87 (footnote omitted).

In the instant case, if Plaintiff were successful in any of his claims, <u>e.g.</u>, that the Defendants forced him to confess to something which resulted in Plaintiff being incarcerated and

5

that the Defendants did so, motivated by retaliation against Plaintiff, such success would necessarily render his incarceration/sentence/probation revocation invalid and thus, pursuant to the reasoning of Heck, Plaintiff's claims are not cognizable in this civil rights action absent an invalidation of the incarceration.  See, e.g., Wingo v. Mullins, 400 F.App'x 344, 346-47 (10th Cir., 2010) ("To the extent the complaint could be construed as including a claim that Drew and Mullins coerced him into pleading guilty and admitting violations of his supervised release, he cannot pursue relief under either § 1983 or Bivens until his conviction and revocation are reversed or set aside."); Cougle v. County of DeSoto, Miss., 303 F.App'x 164, 165 (5th Cir. 2008) ("*Heck* applies to proceedings that call into question the fact or duration of probation."). Because Plaintiff has not pleaded[3] that his probation revocation was called into question by the means specified in Heck, his Complaint must be dismissed.

Accordingly, the Complaint should be dismissed for failing to state a claim upon which relief can be granted.

---

[3] See, e.g., Baskett v. Papini, 245 F.App'x 677, 678 (9th Cir. 2007)("The district court properly dismissed Baskett's section 1983 action as Heck-barred because his allegations necessarily call into question the validity of the probation revocation, and Baskett failed to allege that his sentence has been invalidated."); Mitschell v. Donald, 213 F.App'x 920, 922 (11th Cir. 2007) (affirming the district court's dismissal for failure to state a claim under Heck, where "[t]he district court concluded that, under *Heck*, Mitschell was not entitled to money damages because he failed to allege any facts showing that his imprisonment sentence was successfully vacated."); Clay v. Brown, 151 F.3d 1032 (Table), 1998 WL 516794, at * 2 (7th Cir. 1998)(court affirmed dismissal for failure to state a claim under Heck, "[b]ecause Clay does not allege that his conviction has been reversed or otherwise called into question as articulated by *Heck*, he may not seek damages for any violation of his right against self-incrimination.").  See also  Avery v. Nicol, 208 F.3d 212 (Table), 2000 WL 282903, at*2 (6th Cir.  2000) ("The plaintiff bears the burden of showing that his claims are not barred by *Heck*.").

**III.  CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2

August 16, 2012                                                    s/Maureen P. Kelly
                                                                         MAUREEN P. KELLY
                                                                         UNITED STATES MAGISTRATE JUDGE

cc:     Joy Flowers Conti
         United States District Judge

         DOBBIE WILSON, SR.
         #1722
         Allegheny County Jail
         950 Second Avenue
         Pittsburgh, PA 15219