# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOBBIE WILSON, )
)
     Plaintiff, )  Civil Action No. 11-1400
)
     v. )  Judge Joy Flowers Conti/
)  Magistrate Judge Maureen P. Kelly
JOHN SATORI, Jr., Probation Officer; MATT )
GARLAND, Case Worker; MICHAEL KNOC, )
Director, Justice Related Services, )
)
     Defendants. )

## MEMORANDUM ORDER

The above-captioned prisoner civil rights complaint was received by the Clerk of Court on November 3, 2011, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges.

The magistrate judge's Report and Recommendation (the "Report"), ECF No. [11], filed on August 16, 2012, recommended that pursuant to the screening provisions of the Prison Litigation Reform Act, the complaint be dismissed for failure to state a claim upon which relief can be granted. The Report indicated that Plaintiff's complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994), as long as Plaintiff's conviction or incarceration remain undisturbed. Service was made on the Plaintiff at his address of record. Plaintiff was given until September 4, 2012 by which to file objections. Plaintiff filed objections on August 21, 2012. Those objections do not merit extended discussion.

Plaintiff objects that his original complaint was destroyed by Allegheny County Jail officials. ECF 12 at 1, ¶1. Plaintiff fails to connect this alleged fact to any matter of

consequence. He does not show how such is relevant to the conclusion that the complaint which he did file (which is presumably similar to the complaint allegedly destroyed by jail officials) is barred by the doctrine of Heck.

Plaintiff also complains that he was re-incarcerated on January 27, 2007 and had no access to legal documents. Id., ¶ 2. Again, this simply fails to answer why the complaint that he filed is not barred by Heck. Plaintiff fails to explain how the fact that he was incarcerated in January 2007 affects his ability to litigate concerning events allegedly occurring roughly five years later in July to October 2011 or what legal documents he needed that could establish why Heck does not apply. ECF No. 4 at 2, ¶IV.C. The same is true of Plaintiff's allegation that Allegheny County Jail has allegedly been holding and censoring his outgoing and incoming mail; Plaintiff does not show why these alleged facts would render Heck inapplicable. Id. , ¶ 3. Plaintiff's limited knowledge of federal procedure, id., ¶ 5, his mental disability, id., ¶ 5, or his limited education, id., ¶ 6 do not affect the conclusion that the allegations of his complaint are barred by Heck. Plaintiff's allegation that he is severely indigent and cannot pay for postage is simply nonresponsive to the Report's rationale, as is Plaintiff's complaint that he was "not notified in timely fashion of motion to be filed." Which motion Plaintiff is referring to is unclear, but it is clear he was timely notified about the Report and the requirement that he file objections. Lastly, Plaintiff's conclusory statement that "Plaintiff did state claim on complaint form" does not provide a basis for rejecting the Report without his explaining how he stated a claim or why Heck does not bar his current complaint.

Hence, the following order is entered.

**AND NOW**, this 14th day of September 2012, after de novo review of the Report and Plaintiff's objections,

**IT IS HEREBY ORDERED** that pursuant to the screening provisions of the PLRA, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted. Any attempt at amendment would be futile.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. [11], filed on August16, 2012 by Magistrate Judge Kelly, is adopted as the opinion of this Court.

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
United States District Judge

Dated: September 14, 2012


cc:    Maureen P. Kelly
       United States Magistrate Judge

       DOBBIE WILSON, SR.
       #1722
       Allegheny County Jail
       950 Second Avenue
       Pittsburgh, PA 15219